UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 10 2017


CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| WILFRED R. "ROGER" ESCHENBAUM, | * | CIV 17-4143 |
| Plaintiff, | * | |
| vs. | * | **COMPLAINT** |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMES NOW the Plaintiff, Roger Eschenbaum, by and through his attorney of record, Michael J. Schaffer, and for his causes of action, states and alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. The Plaintiff is a citizen of the State of South Dakota.

2. The Defendant is a citizen of a state other than South Dakota, having its principal place of business and being incorporated under the laws of the State of Wisconsin.

3. The amount in controversy in this case exceeds $75,000.00 exclusive of interest and costs.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

1

## GENERAL ALLEGATIONS

5. That the Plaintiff, Roger Eschenbaum, is, and at all times relevant to this action was a citizen of South Dakota.

6. That Defendant American Family Mutual Insurance Company ("American Family") is, and at all times relevant to this matter was, a company duly created and existing under the laws of the State of Wisconsin, and, among other things, sells insurance in the State of South Dakota.

7. On January 9, 2014, the Plaintiff was on his way home, after having eaten at the local restaurant.

8. The Plaintiff was in the process of crossing East 1st Street to get to the sidewalk to go to his apartment at 107 E. 8th Street, Redfield, South Dakota.

9. The Plaintiff had been diagnosed with macular degeneration, was visually impaired and unable to drive, and walked with the assistance of a white cane with a red tip.

10. The Plaintiff was using the cane when he attempted to cross the East 1st Avenue between 6:00 and 6:30 p.m. on January 9, 2014.

11. The Plaintiff had almost completed crossing the street from west to east when he was struck by a car driven by Cynthia Solnar.

12. The Plaintiff as a result of being struck by the car suffered a fracture to both bones in his lower right leg, as well as a fracture to his left shoulder and other injuries.

13. The Plaintiff underwent a surgical procedure that included open reduction and internal fixation of the bones in his lower right leg, as well as an extensive period of hospitalization, from the time of the accident until his ultimate discharge from the hospital on April 28, 2014.

14. The Plaintiff has incurred medical expenses as a proximate and legal result of being struck and injured by the Cynthia Solnar in an amount in excess of $250,000.00.

15. Cynthia Solnar was negligent, in and among other things: (a) failing to stop for a pedestrian attempting to cross a public street while carrying a white cane, due to his visual impairment; (b) failing to yield to a visually impaired pedestrian using a white cane tipped with red; (c) failing to maintain a proper lookout; (d) traveling at an excessive rate of speed under the circumstances; and (e) otherwise failing to maintain her vehicle under control.

16. Cynthia Solnar also violated SDCL §32-27-7, because the Plaintiff was carrying a cane that was white tipped with red and which was in an extended position when he was struck in the public street by Ms. Solnar's vehicle, who failed to stop and was negligent as a matter of law for violating a safety statute enacted for the protection of visually impaired pedestrians.

17. As a proximate and legal result of the Cynthia Solnar's negligence, the Plaintiff suffered significant and disabling physical injuries and damages, including the broken bones that he sustained, complications to his other medical conditions following those injuries, medical expenses exceeding the sum of $250,000.00, past and future pain

and suffering, loss of enjoyment of life, and general damages in an amount to be proven at trial.

18.     That a claim was made against Ms. Solnar and her insurance company (State Farm), and, with Defendant American Family's permission, a settlement was reached with Ms. Solnar and her insurance company for the limits of her liability policy ($100,000.00).

19.     That, at all times relevant to this matter, Plaintiff had Underinsured Motorists coverage by virtue of a "Family Car Policy" (Policy No.4005-2079-01-58-FPPA-SD) ("the Policy") issued by Defendant American Family.

20.     That in the Policy Defendant American Family agreed to "pay compensatory damages for bodily injury which [Plaintiff] is legally entitled to recover from the owner or operator of an underinsured motor vehicle." That according to the Policy, an underinsured motor vehicle "means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits less than the limits of liability of this Underinsured Motorists coverage."

21.     That the limits of liability of the Underinsured Motorists coverage in the Policy is $500,000.00 for each person and $1,000,000.00 for each accident.

22.     That because Ms. Solnar's liability limits were $100,000.00, Plaintiff has $400,000 available in Underinsured Motorists coverage under the Policy.

23.     That on July 19, 2017 a demand was submitted to American Family for the limits of Plaintiff's Underinsured Motorists coverage ($400,000.00). In that demand,

it was made clear to American Family that Plaintiff had over $254,000.00 in medical bills to date and had been hospitalized for almost four months due to this accident.

24. That on August 21, 2017 American Family extended an offer in the amount of $80,000.00 in additional funds to fully settle the claim. That amount was approximately $75,000.00 less than Plaintiff's medical bills incurred to date.

25. That on August 28, 2017 a demand was submitted to American Family and in that demand American Family was apprised of South Dakota law on the visually impaired crossing streets with a white cane and provided other documentation clearly detailing that American Family's claim of contributory negligence was made in error. In addition, that demand reiterated the amount of medical bills Plaintiff had incurred to date.

26. That on September 1, 2017 American Family increased its offer to $90,000.00, which amount is approximately $65,000.00 less than Plaintiff's medical bills incurred to date. In written correspondence, American Family, contrary to the clear facts, alleged that Plaintiff would be considered "grossly negligent" in walking across the street as a visually impaired person and American Family further emphasized that he was not crossing at a crosswalk, although American Family had been provided South Dakota law requiring drivers to stop for a visually impaired person carrying a white cane no matter where such individual may be crossing the street.

27. That the offer from Plaintiff's Insurer, American Family, amounted to less recovery than the medical bills incurred due to the accident and did not take into consideration any amount for Plaintiff's pain, suffering and mental anguish.

## COUNT 1 - BREACH OF CONTRACT

28.     Plaintiff hereby incorporates Paragraphs 1 through 23 inclusive, as though they were fully set forth herein.

29.     Defendant has breached its contract of insurance with Plaintiff by failing to pay the underinsured motorist benefits that Plaintiff is entitled to under the Policy

30.     That as a direct and proximate result of Defendant American Family's breach of its contractual duties under the Policy, Plaintiff sustained injury and legal damages.

## COUNT 2 - BAD FAITH

31.     Plaintiff hereby incorporates Paragraphs 1 through 23, inclusive, as though they were fully set forth herein.

32.     That in South Dakota every contract of insurance includes a duty that the insurance company shall deal in good faith with its insured, meaning that the insurance company will not do anything to injure the rights of its insured in receiving the benefits of the insurance contract.

33.     That American Family breached the aforementioned duty, and acted in bad faith, in:

    (a)     Failing to give equal consideration to the interests of the Plaintiff.

    (b)     Unreasonably denying Underinsured Motorist Benefits to Plaintiff in a sum reasonably calculated to compensate Plaintiff for damages

suffered and remaining uncompensated following the settlement with Cynthia Solnar.

(c) Failing to make a reasonable and prompt investigation of the claims of Plaintiff.

(d) Failing to make a good faith effort to obtain a prompt, fair, and equitable settlement with Plaintiff of his Underinsured Motorist Benefit claims.

(e) Failing to perform its duty to act and deal in good faith with Plaintiff to ensure that Defendant would do nothing to cause injury to the rights of Plaintiff in receiving the benefits of the insurance contract.

(f) Failing to have a reasonable basis for denying or constructively denying Underinsured Motorist benefits to Plaintiff when Defendant knew it did not have a reasonable basis for denying those benefits.

(g) Acting with reckless disregard of the facts and of the rights of Plaintiff when determining whether it had a reasonable basis to deny or constructively deny Underinsured Motorist Benefits.

34. That as a direct and proximate result of Defendant American Family's breach of the aforementioned duty, Plaintiff sustained pecuniary injury.

35. That Defendant American Family's breach of the aforementioned duty amounted to oppressive, fraudulent, malicious, intentional, and/or willful and wanton

misconduct, thereby entitling Plaintiff to punitive damages to set an example and punish Defendant American Family.

WHEREFORE, Plaintiff prays for a judgment against Defendant American Family as follows:

(a) General, special, and punitive damages to be proven at trial;

(b) Any and all attorney's fees incurred in this action as permitted by SDCL 58-12-3;

(c) Any and all costs and disbursements incurred in this action, including prejudgment interest; and

(d) For such other and further relief as the Court may deem equitable and just under the circumstances.

Dated this 10th day of October, 2017.

SCHAFFER LAW OFFICE, PROF. LLC

Michael J. Schaffer
412 West 9th Street, Suite 1
Sioux Falls, SD  57104-3602
Telephone (605) 274-6760
Facsimile: (605) 274-6764
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues of fact.